IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KAREN TINCHER,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>    Defendant. | Civil Action File No.:<br><br>2:22-cv-00186-SCJ |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Come now all parties to the above-styled action and present this preliminary report and discovery plan to the court as follows:

**1.  Description of Case:**

    (a)    Describe briefly the nature of this action.

           **This is a tort action in which Plaintiff alleges Defendant is liable to her for damages sustained following an alleged slip and fall incident at a Kroger store.**

    (b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:

**Plaintiff Karen Tincher contends that on August 9, 2020 she was at the Kroger store located at 7380 Spouts Spring Road, Flowery Branch, Georgia 30542 (Kroger Store No. 416) at approximately 1:29 p.m. when she was walking down an aisle and slipped and fell on a foreign substance, thus causing her certain bodily injuries. Plaintiff asserts a claim for special damages as well as general damages.**

(c) The legal issues to be tried are as follows:

- **Duty; Breach of duty; actual or constructive notice; factual and proximate causation; damages.**

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases: **None.**

    (2) Previously Adjudicated Related Cases: **None.**

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

    ___ (1) Unusually large number of parties
    ___ (2) Unusually large number of claims or defenses
    ___ (3) Factual issues are exceptionally complex
    ___ (4) Greater than normal volume of evidence
    _X_ (5) Extended discovery period is needed

    \_\_    (6)    Problems locating or preserving evidence
    \_\_    (7)    Pending parallel investigations or actions by government
    \_\_    (8)    Multiple use of experts
    \_\_    (9)    Need for discovery outside United States boundaries
    \_\_    (10)    Existence of highly technical issues and proof
    \_\_    (11)    Unusually complex discovery of electronically stored information

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**    Michael D. Hoffer, Esq.
Georgia Bar No. 359493
Robyn Oliver Webb, Esq.
Georgia Bar No. 552505
HOFFER & WEBB, LLC
3190 Northeast Expressway
The Berkman Building, Suite 430
Chamblee, Georgia 30341a
Phone: (404) 260-6330
Emails:
mhoffer@hofferwebb.com
rwebb@hofferwebb.com

**For Defendant:**    Matthew G. Moffett, Esq.
Jeffrey M. Wasick, Esq.
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road
Salesforce Tower – Atlanta
Suite 1700
Atlanta, Georgia 30326
Moffett Direct Phone: (404) 870-7390
Moffett Direct Facsimile: (404) 870-1030

      Moffett Email: mmoffett@grsmb.com
      Wasick Direct Phone: (404) 870-7444
      Wasick Direct Facsimile: (404) 870-1072
      Wasick Email: jwasick@grsmb.com

**4.**  **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

  ___ Yes   _x_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**  **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

 **N/A**

(b)   The following persons are improperly joined as parties:

 **N/A**

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

 **N/A**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

   **None at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)   Motions to Compel: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   Summary Judgment Motions: Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   Other Limited Motions: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.   **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not

appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9.  **Request for Scheduling Conference:**

    Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

    **Not at this time. The Parties may request a scheduling conference following the close of discovery.**

10. **Discovery Period:**

    The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

    Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in

Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**This case initially was assigned to the four (4)-month discovery track, ending February 13, 2023.**

**The parties jointly request a seven-month discovery period such that the end of discovery will be May 14, 2023, with dispositive motions due 30 days later and if no such motions are filed, the pretrial order would be due at that time (June 14, 2023). The reasons for this request are Plaintiff's medical treatment and claims related to same are complex and will entail substantial and numerous non-party document discovery.**

Please state below the subjects on which discovery may be needed: **Duty/breach/causation/damages.**

If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below: **As noted above, the parties anticipate a large volume of non-party discovery requests for medical**

**records to be gathered. In light of the reasons set forth in the preceding paragraph, the parties jointly request that the Court set a six-month discovery period.**

11. **Discovery Limitation and Discovery of Electronically Stored Information**:

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

    **The parties jointly request that the Court set a seven-month discovery period. If this request is granted, the end of discovery would be May 14, 2023.**

    **Initial Disclosures will be due within 10 days of this order. Discovery has commenced.**

    **Plaintiff withdraws the interrogatories and requests for production filed with the Complaint in State Court and will re-issue them to Defendant in this federal case and the time for Defendant's responses thereto will be counted from that date of service in accord with the Federal Rules of Civil Procedure.**

    (b) Is any party seeking discovery of electronically stored information?

   _____Yes      \_X\_\_No

**The parties do not anticipate substantial e-discovery and most if not all documents to be exchanged will be in PDF format. The parties have agreed that should relevant, discoverable electronic materials be revealed during the course of discovery, they will confer and discuss the sources and scope of the production of such items and the format for the production of such items for the purposes of agreements relative to the production of such items. The parties do not waive any potential objections to discovery requests by making this statement.**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper of disk), and the inclusion or exclusion and use of meta data, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13. **Settlement Potential.**

    (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on Friday, October 7, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**   Michael D. Hoffer, Esq.
Georgia Bar No. 359493
HOFFER & WEBB, LLC
3190 Northeast Expressway
The Berkman Building, Suite 430
Chamblee, Georgia 30341a
Phone: (404) 260-6330
Emails:

        mhoffer@hofferwebb.com

**For Defendant:**  Jeffrey M. Wasick, Esq.
Georgia Bar No. 778423
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road NE
Suite 1700
Atlanta, Georgia 30326
Telephone:  (404) 870-7444
Facsimile:  (404) 870-1072
Email:  jwasick@grsmb.com

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c)  Counsel (X) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)  The following specific problems have created a hindrance to settlement of this case.

**None currently known.**

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _____, 2022.

(b) The parties (_X_) do not consent to having this case tried before a Magistrate Judge of this Court.

Respectfully submitted, this the 27th day of January, 2023.

| | |
|---|---|
| **HOFFER & WEBB, LLC**<br>3190 Northeast Expressway<br>The Berkman Building, Suite 430<br>Chamblee, Georgia 30341<br>Phone: (404) 260-6330<br>mhoffer@hofferwebb.com<br>rwebb@hofferwebb.com | */s/ Michael D. Hoffer*<br>Michael D. Hoffer, Esq.<br>Georgia Bar No. 359493<br>Robyn Oliver Webb, Esq.<br>Georgia Bar No. 552505<br>*Attorneys for Plaintiff*<br>[with express permission by Jeffrey M. Wasick] |
| **GRAY, RUST, ST. AMAND,**<br>**MOFFETT & BRIESKE, L.L.P.**<br>950 East Paces Ferry Road NE<br>Suite 1700 – Salesforce Tower Atlanta<br>Atlanta, Georgia 30326<br>Telephone:  (404) 870-7444<br>Facsimile:    (404) 870-1072<br>mmoffett@grsmb.com | */s/ Jeffrey M. Wasick*<br>Matthew G. Moffett<br>Georgia Bar No.: 515323<br>Jeffrey M. Wasick<br>Georgia Bar No.: 778423<br>*Attorneys for Defendant The Kroger Co.* |

jwasick@grsmb.com

CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

This is to certify that this date, the undersigned served a true and correct copy of the foregoing pleading with the Clerk of Court with the Clerk of Court using the CM/ECF system providing electronic service to other counsel:

Michael D. Hoffer, Esq.
Robyn Oliver Webb, Esq.
HOFER & WEBB, LLC
3190 Northeast Expressway
The Berkman Building, Suite 430
Chamblee, GA 30341

This is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

Respectfully submitted, this the 27th day of January, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Jeffrey M. Wasick* |
| 950 East Paces Ferry Road NE | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No.:  515323 |
| Atlanta, Georgia 30326 | Jeffrey M. Wasick |
| Telephone:  (404) 870-7444 | Georgia Bar No.: 778423 |
| Facsimile:  (404) 870-1072 | *Attorneys for Defendant The Kroger Co.* |
| E-mail:    mmoffett@grsmb.com | |
|             jwasick@grsmb.com | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amended the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
The Honorable Steven C. Jones
JUDGE, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA